J-S01025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHELDON D. SWAN | : | |
| | : | |
| Appellant | : | No. 1218 MDA 2018 |

Appeal from the PCRA Order Entered June 25, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005179-2010

BEFORE:  PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 08, 2019**

Sheldon D. Swan (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

The PCRA court summarized the relevant facts and procedural history as follows:

> Following a jury trial commencing on August 1, 2011 and concluding on August 5, 2011, [Appellant] was found guilty of [m]urder of the second degree, [r]obbery, and conspiracy to commit robbery.  [Appellant] was sentenced to a mandatory term of life imprisonment.  Following the denial of his [p]ost-[s]entence [m]otion, [Appellant] filed a [n]otice of [a]ppeal to the Pennsylvania Superior Court.  The Pennsylvania Superior Court affirmed the judgment of sentence on November 21, 2012 (1681 MDA 2011).
>
> In light of ***Miller v. Alabama***, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and ***Montgomery v. Louisiana***, --- U.S. ---, 136 S. Ct. 718, 193 L.Ed.2d 599 (2016), a re-sentencing

_____
*Retired Senior Judge assigned to the Superior Court.

hearing was held on November 2, 2017.[1] Upon agreement, [Appellant] was re-sentenced at Count 1 – to pay a fine of $1,000, costs and to a period of incarceration of 360 months (30 years) to a maximum of life in a state correctional institution, Count 2 merges with Count 1 for sentencing purposes, and at Count 3 – to pay a fine of $1,000, costs, and a sentence of no less than 120 months nor more than 240 months running concurrently with Count 1.

On December 29, 2017, [Appellant] filed a *pro se* [m]otion requesting relief under the [PCRA]. In [Appellant]'s *pro se* [m]otion he allege[d] ineffective assistance of counsel for . . . re-sentencing counsel's failure to file a post-sentence motion nor a motion for reconsideration, and the imposition of a sentence greater than the lawful maximum. PCRA counsel was subsequently appointed and filed a [s]upplemental PCRA [p]etition on March 12, 2018 raising claims of ineffective assistance of counsel. A PCRA hearing was held on May 25, 2018 following which both sides submitted briefs/memorandum of law.

PCRA Court Opinion, 6/25/18, at 1-2 (PCRA court's footnotes omitted).

On June 25, 2018, the PCRA court entered an order dismissing Appellant's PCRA petition. Appellant filed this timely appeal on July 23, 2018. Both the PCRA court and Appellant have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

On appeal, Appellant presents the following issues for review:

A. Whether Re-Sentencing Counsel was ineffective for [failing to advise] Appellant that he had the option to accept an agreement from the Commonwealth, or to allow the [t]rial [c]ourt

_____

[1] In **Miller**, the United States Supreme Court held that sentences of "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465. In **Montgomery**, the Supreme Court concluded that the holding of **Miller** applied retroactively to juvenile offenders on collateral review. **Montgomery**, 136 S. Ct. at 736.

the discretion to sentence him following the reversal of his life sentence?

B.    Whether Re-Sentencing Counsel was ineffective for failing to sufficiently meet with and prepare Appellant for the re-sentencing hearing where Appellant faced a sentence of life imprisonment?

Appellant's Brief at 4.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted).  "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" ***Id.***

Appellant presents for our review two ineffective assistance of counsel claims.  In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance.  ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014).  To overcome that presumption, the petitioner must establish:  "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different."  ***Id.*** (citation omitted).  To demonstrate prejudice in an ineffective assistance of counsel claim, "the

petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

Appellant argues that re-sentencing counsel was ineffective because re-sentencing counsel failed to advise him that he had the option to accept the Commonwealth's negotiated sentence (30 years to life in a state correctional institution), or to allow the trial court to impose a sentence in its discretion. Appellant claims that had he known that he had the option to decline the negotiated sentence, he would have permitted the trial court to impose a sentence in its discretion. Additionally, Appellant asserts that re-sentencing counsel was ineffective for failing to meet with Appellant prior to the re-sentencing hearing to advise him regarding his sentencing options.

In rejecting these ineffective assistance of counsel claims, the PCRA court explained:

> Here, the record is replete with information that [Appellant] entered a knowing, intelligent, and voluntary agreement with regards to his sentencing. [Appellant] understood that he could have possibly faced a greater sentence than the 30[-]year sentence that he was given. Transcript of Proceedings, Re-Sentencing, Nov[.] 2, 2017, page 5 (hereinafter "N.T. at ___"). Additionally, this [c]ourt undertook a colloquy on [Appellant] and the following exchange took place:
>
> THE COURT: Well, let me ask [Appellant] a question or two. I understand everything your attorney has stated, and, of course, I heard your agreement. But I guess the basic

- 4 -

question I have is are you prepared to make a decision today? If the answer is no, that you need some more time, I will give you all the time you need. There is no rush here today is what I am trying to tell you. If you need more time to think about it, I will give you more time to think about it. So you tell me: Would you like to go forward today or do you want to give it some thought for a little while longer? You give me a time frame and we will proceed with that.

[Appellant]: We can go on with it.

THE COURT: You want to go today?

[Appellant]: Yes, sir.

THE COURT: Very well. And you are satisfied you had a full opportunity to talk to your attorney and you understand what he is going to be arguing for in this particular case?

[Appellant]: Yes.

THE COURT: [Appellant], even though there is an agreed-upon resolution in this case, the 30 years to life, you still have the opportunity to speak before sentencing. Is there anything you would like to say?

[Appellant]: Can I get a moment, please?

THE COURT: Sure.

[Appellant]: Proceed, yes. I understand everything. Let's move on.

N.T. at 6-10.

Here, the record [further] reflects that [Appellant] had an opportunity to speak to his re-sentencing counsel and re-sentencing counsel had an opportunity to write to him outlining the negotiation. N.T. at 4. Re-sentencing counsel indicated that he had discussions with [Appellant] on where a sentence might end up and that [Appellant] had a right to a hearing. N.T. at 4-5. . . . As such, the record indicates that [Appellant] entered a knowing, intelligent, and voluntary agreed-upon sentence.

PCRA Court Opinion, 6/25/18, at 5-6.

Based upon our review of the certified record on appeal, including the transcripts of Appellant's re-sentencing and PCRA hearings, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition. The record supports the PCRA court's determination that re-sentencing counsel was not ineffective and that Appellant had the opportunity to consult with his attorney regarding his re-sentencing and was aware of his options relating to his sentence.

Specifically, the discussion between the trial court, re-sentencing counsel, and the district attorney, as evidenced in the transcript of Appellant's re-sentencing hearing, explicitly indicates that Appellant was aware that he could either accept the negotiated sentence of 30 years to life imprisonment or proceed with a sentencing hearing where the court would sentence him at its discretion. *See* N.T., 11/2/17, at 2-6. The transcript of Appellant's re-sentencing hearing further reveals that re-sentencing counsel made numerous attempts to contact Appellant to discuss his re-sentencing options, wrote him a letter regarding sentencing negotiations, and sent him news articles about the types of sentences courts had been imposing on defendants in similar situations. *Id.* at 3-4. Moreover, Appellant stated at re-sentencing that he was satisfied that he had a full opportunity to talk to his attorney about his sentencing options. *Id.* at 6.

In sum, the record contradicts Appellant's claims. Accordingly, we conclude that the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition.

Order affirmed.

President Judge Panella joins the memorandum.

Judge Pellegrini files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/08/2019